**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JACOB KELLNER,** **I&L DISTRIBUTING INC., also d/b/a/: Finemodimports, Bisyatta,Disignermodern, Designerlife, Designerseating,Exclusivemod,** | **Docket No.** |
| | **Civil Action** |
| **Plaintiff,** | |
| **-against-** | **VERIFIED COMPLAINT** |
| **AMAZON,** | **JURY TRIAL DEMAND** |
| **Defendant(s)** / | |

**Now comes, Jacob Kellner, President & CEO of I & L Distributing Inc.,** a plaintiff in the above captioned matter, and who herein files the within Verified Complaint, by and through his attorney **Vincent Spata, Esq.,** and in support thereof states and alleges as follow:

1. That plaintiff, Jacob Kellner, (at all times hereafter referred to as Kellner) is the President and CEO of Plaintiff, I & L Distributing, Inc., (at all times hereafter referred to as I&L) conducting business in commerce with and without the United States of America.

2. That plaintiff Kellner is more than 18 years of age, a citizen of the United States of America, conducting business and residing in Brooklyn New York.

3. That none of the issues as prosecuted in the within verified complaint have been put before any other Court or jurisdiction by the plaintiff.

**JURIDICTION & VENUE**

4. **That this Honorable Court has jurisdiction** over the instant case pursuant to

Title 28 §1332, wherein defendant(s) are all located in different states (Diversity), and the amount in controversy exceeds $75,000.00 (Seventy Five Thousand Dollar), with all defendants conducting business in commerce within and through the various States of the United States of America, and internationally via the internet.

5. Venue lies before this Honorable Court wherein the plaintiff's principle office of Business is located within the jurisdictional boundaries of this Honorable Court and the issues complained of all took place via the internet within plaintiff Business office, (5828-12th Avenue Brooklyn NY, 11229).

## THE PARTIES

6. That plaintiff Kellner is the President and CEO of plaintiff I&L, also conducting business under various trade names on land and the internet, within and without the United States of America.

7. That plaintiff I&L is a domestic corporation formed and organized under the laws of the State of New York, conducting business through commerce within and without the United States of America.

8. That Defendant Amazon, is a Worldwide Commercial enterprise, conducting business on land and through the internet, within and without the United States of America, with Corporate Headquarter offices located in Seattle Washington.

## INTRODUCTION

9. **Incontrovertibly,** Defendant Amazon, is a Mammoth, Worldwide, Commercial Enterprise conducting and dominating Business and trade on land and the internet, within and without the United States of America, on land and the internet, with a greater surreptitious goal to monopolize commerce and trade, within and without the United States of America.

10. The plaintiff(s) conducted business with Amazon who accepted them as an online vendor authorized to sell product(s) through the Amazon venue in an 'online store', until that continued business relationship was arbitrarily and capriciously ended by Amazon, who in some instances employed 'unfair trade' practices to eliminate competition, while monopolizing free trade at the peril of its vendors, including the plaintiff(s), while deliberately interfering with plaintiff's right to engage in commerce.

11. That in other part defendant Amazon has arbitrarily and capriciously terminated plaintiff's seller rights and rights in commerce, to continue selling a certain 'lighting fixture', (and other products) on the internet in Amazon online store, citing restrictions of a Trademark/Patent, erroneously claimed by (un-named in this complaint) foreign company to be protected by Trademark/Patent, which plaintiff's due diligence investigation proves it is not, as will be set out more fully below.

12. The plaintiff suffered ongoing and continuous ascertainable financial losses since the wrongful, arbitrary and capricious termination of the selling rights by defendant Amazon, exceeding more than Two Hundred Thousand Dollars monthly ($200,000.00), for more than a year prior to filing within civil action and attempting to mitigate damages and this instant suit now follows.

**<u>FACTS IN COMMON TO ALL COUNT</u>**

13. That plaintiff(s) opened an online 'store' account with defendant Amazon on or about 2014.

14. That plaintiff(s) conducted business in commerce with Amazon through their online internet stores under various trade names, including but not limited to,

- **Finemodimports**
- **Bisyatta**

- **Disignermodern**
- **Designerlife**
- **Designerseating**
- **Exclusivemod**

15. That in on or about 2018 Amazon terminated plaintiff online store 'Bisyatta', which primarily dealt in the sale of toys through their online Amazon internet store.

16. That Amazon suspended the plaintiff's online store (Bisyatta) without cause and consistent with Amazons surreptitious objectives to eliminate, control and deliberately interfere with Commerce rights of the plaintiff(s) as an Amazon online vendor.

17. That Amazon in terminating the plaintiff's 'Bisyatta' online store account intended to and did eliminate competition by the plaintiff(s) in commerce.

18. That Amazon refused to mitigate plaintiff(s) claim of unfair trade practices concerning 'Bisyatta', and in a taped conversation Amazon Representative told plaintiff Kellner that he had to many accounts and plaintiff should stop complaining and emailing various Amazon concerns for review and mitigation, because he (the plaintiff) was terminated and that was it, nothing could be done by the plaintiff and Representative wasn't going to try to resolve the controversy.

19. That plaintiff has an earlier written reply by Amazon that his multiple online store accounts were approved for use in Amazon online store platform.

20. That following the termination of the plaintiff's Amazon online store account (Bisyatta) Amazon notified the plaintiff that he needed to remove the goods (Toys) or they would be destroyed.

21. That plaintiff did not remove the goods (Toys) while the controversy was in progress.

22. That Amazon during the controversy over the online sales of Toys by 'Bisyatta' Amazon began selling plaintiff's property (Toys) under their own brand and name.

23. That Amazon engaged in a pattern and practice of 'unfair trade/business practices' in violation of the Sherman Act, to ended plaintiff's competition in trade and commerce with Amazon and accomplish Amazon's surreptitious goal to monopolize commerce and unfairly eliminate competition in commerce.

24. That Amazons business practices were and are 'anti-competitive', and were employed against the plaintiff(s) not only as vendor authorized to use Amazon online platform to engage in trade, but as 'consumers' of the Amazon online trade platform.

25. That Amazons surreptitious aims and objectives are to monopolize trade and commerce on the land and on the internet, through their pattern and practice of conduct to capture the vendors brand and then convert vendors brand to their own use for profit and hence unfairly control, command and monopolize trade and commerce on the land and the internet.

26. That defendant Amazon's conduct in the instant case was aimed at 'suppression of competition' of the plaintiff's intra/interstate TRADE/COMMERCE rights, and to monopolize trade and commerce through a pattern and practice of conduct to engage in 'unfair business practices', to eliminate 'fair competition', in violation of the Sherman/Clayton Act.

27. That defendant Amazon is a business entity which affects interstate commerce within the meaning of the Sherman & Clayton Act.

28. That defendant Amazon's scheme to terminate plaintiff's rights in Commerce by arbitrarily and capriciously terminating plaintiff's 'Bisyatta' Amazon store account and other plaintiff store accounts, was intended to eliminate competition in trade and commerce.

29. That as a 'ruse' defendant Amazon employs a pattern and practice of conduct wrongfully placing blame on subordinate employees and staff members to secretly advance their ploy to interfere with, disrupt and control trade and commerce of their competitors in commerce like the plaintiffs, with the sole aim of establishing and advancing a monopoly over the wholesale, retail community, while eliminating competition and fixing prices.

30. That Amazon has deliberately interfered with plaintiff(s) right to engage in commerce after plaintiff(s) had built a customer base and following in wholesale and retail sales through building their internet stores on Amazon's internet platform, through mutual agreement with Amazon.

31. That the plaintiffs are consumers within the meaning of the Sherman/Clayton Act, through establishing an online store platform as offered and accepted by defendant Amazon.

32. That plaintiff(s) rights in Commerce are fundamental.

33. That defendant Amazon has deliberately interfered with plaintiff(s) right to freely participate in Commerce with the intent of monopolizing the Amazon brand.

34. That free commerce is the cornerstone of our American system of Democracy.

35. That defendant Amazon next terminated plaintiff(s) online store account as mutually negotiated and approved by the parties, where plaintiffs were offered and defendant Amazon accepted plaintiff(s) online vendor store account under the trade name 'Finemodimports' (d/b/a of plaintiff I&L Distributing Inc). .

36. That an erroneous Trademark/Patent violation claim was filed on behalf of a foreign corporation, erroneously claiming an infringement by the plaintiff through the sale of their lighting product.

37. That defendant Amazon immediately and without any due diligence investigation

into the erroneous claim , arbitrarily and capriciously terminated plaintiff I&L Distributing, Inc. d/b/a: Finemodimports online Amazon store account, eliminating all plaintiff product line including products not in controversy.

38. That plaintiff(s) objected to and appealed the Amazon decision to terminate the plaintiff's online store platform and was denied by Amazon once again without any due diligence, or confirmation that the Trademark/Patent violation was valid.

39. That the controversy which led to the termination of plaintiff(s) online store account (Finemodimports) by defendant Amazon included a very small part of plaintiff(s) online store trade through the Amazon platform, yet Amazon suspended all of plaintiff's rights to sell all plaintiff's online products.

40. That plaintiff commissioned a due diligence investigation including the assistance of an experienced Patent Attorney.

41. The attorney due diligence investigation revealed that the 'product' being sold by plaintiff on the Amazon online store platform was outside the Trademark/Patent, as erroneously claimed and that the Trademark/Patent as erroneously alleged by defendant Amazon, could not be used under any circumstances to preclude the sale of the product line in controversy between the parties.

42. That a further due diligence investigation by the plaintiff revealed that the Trademark/Patent was facially invalid and cancelled, wherein no indispensable 'Declaration' filed with the U.S. Trademark/Patent office for their indispensable approval to extend the Trademark/Patent for the 10 year period.

43. That pursuant to 15 USC §§ 1058/1141k, claimant was bound to make a Declaration to the U.S. Trademark/Patent office for continued approval to have the protections for the 10 year period and did not.

44. That a grace period to file the indispensable Declaration to the U.S. Trademark/Patent office was never exercised.

45. That based upon information and belief Trademark/Patent is cancelled and null & void as a matter of law and it is the duty of defendant Amazon to conduct a full, fair and impartial due diligence investigation prior to suspending plaintiff's online vendor store accounts.

46. That even if Trademark/patent is valid as a matter of law, it does not affect plaintiff's right to sell the product in controversy as the product in controversy is outside the protection of the Trademark/Patent, as stated by plaintiff written due diligence investigation in writing.

47. That defendant Amazon had a duty to conduct a full and impartial due diligence investigation into claim and plaintiff(s) appeal and did not.

48. That instead defendant Amazon abruptly, wrongfully and without verifiable proof terminated plaintiff's rights in commerce, causing the plaintiff to suffer ascertainable damages in an amount of Two hundred Thousand dollars ($200,000.00) monthly.

49. That defendant Amazon wrongfully terminated plaintiff(s) online store platform Erroneously, based upon an infringement, where no verification was provided on the following product line:

**ERRONEOUS SUSPENSION OF AMAZON ACCOUNT/Plaintiff(s) I&L Distributing Inc., d/a/b:DESIGNER MODERN**

- **AMAZON COMPLAINT ID: 5515022741/ASIN-B00A0VO30M/Black Arch Lamp, Big Base, Black**

- **AMAZON COMPLAINT ID: 1491496668741/ASIN-B00767YIQM/Designer Modern Arco Black Cube-Shaped Marble Base Floor Lamp**

- **AMAZON COMPLAINT ID: 1496668921/ASIN-B001JEOTOY/ Arco Black Cube-Shaped Marble Base Floor Lamp**

50. That based upon information and belief including Patent attorney due diligence investigation none of the aforementioned products are protected or covered by erroneous claim.

51. That Shoppers found Fine Mod items simply by searching Google for items.

52. Fine Mod items were prominently placed on Google search results due to selling original items.

53. After Fine Mod started selling on Amazon, sales on defendant Amazon store platform increased sharply.

54. That based upon the increased demand Fine Mod began purchasing large quantities of furniture to serve the demand from Amazon platform.

55. That After several months, when consumers searched for items on Google, Amazon listing began to appear instead of Fine Mod website.

56. That Fine Mod links were basically purged by Google due to duplicate content.

57. That following the purge consumers were unable to find and purchase fine mod Items from plaintiff(s) on defendant Amazon store platform.

59. That for no justifiable reason, defendant Amazon unilaterally, arbitrarily and capriciously, decided to shut and terminate, plaintiff(s) online Amazon Fine Mod store accounts.

60. That defendant Amazon's actions constituted a deliberate interference with plaintiff(s) fundamental rights in commerce, leaving plaintiff(s) stuck with large overstock in inventory and substantial financial losses.

61. That additionally, to date, consumers who now search for fine mod items on Google, are led to defendant Amazon links to those items. When consumers click on the defendant Amazon links, a message greets them saying items not available, constituting ongoing conduct by defendant Amazon to deliberately interfere with plaintiff(s) fundamental right to engage in commerce, and surreptitiously monopolize defendant Amazon Brand, eliminate

competition, in violation of the Sherman/Clayton Act.

62. That The practice of Amazon to keep aforementioned links alive on Google, despite shutting down Fine Mod, continues to adversely affect sales of Fine Mod.

63. That between the period 2016 thru 2018 defendant Amazon has arbitrarily and capriciously terminated various plaintiff online Amazon store accounts costing the plaintiff to suffer substantial, ongoing financial damages.

64. That defendant Amazon 'rigs' their tracking algorithms to single out and eliminate competition, in violation of the Sherman/Clayton Act.

65. That defendant Amazon's policy and procedures governing their online store vendors are bias, discriminatory, and monopolistic.

66. That defendant Amazon user agreement is vague, overbroad and designed to Eliminate competition, fix prices and advance their surreptitious monopolistic agenda in violation of the Sherman/Clayton Act.

67. That defendant Amazon online store offering (by design and intent) to plaintiff constitutes an anticompetitive agreement in violation of the Sherman/Clayton Act.

68. That the pattern and practice of defendant Amazon in establishing, implementing, operating and managing their online store vendor program, constitutes unilateral conduct that monopolizes or attempts to monopolize trade and commerce in the relevant market in violation of the Sherman Act.

69. That the plaintiff(s) are consumers and private parties within the meaning of the Sherman/Clayton Act who suffered substantial financial damages in commerce and trade caused by the illegal/unfair business practices of defendant Amazon.

70. That defendant Amazon has engaged in a pattern and practice of monopolistic and

nefarious conduct against the plaintiff(s), as consumers of defendant Amazon online store internet platform, deliberately interfering with plaintiff(s) fundamental right to engage in trade and commerce.

71. That defendant Amazon's unfair business practices are aimed at destroying competition itself, with a surreptitious goal of monopolizing and controlling trade and commerce.

72. That defendant(s) should be enjoined from deliberately and wrongfully interfering the plaintiff(s) fundamental right to conduct business and trade in commerce, on the land and internet, foreign or domestic.

73. That defendant Amazon should be ordered to restore plaintiff (Finemodimports) online Amazon store platform.

**COUNT ONE**

**VIOLATION OF THE SHERMAN/CLAYTON ACT**

74. That plaintiff by reference includes and incorporates all facts and averments as set forth more fully above in paragraphs 1-73 as though actually set forth herein, and;

75. That plaintiff(s) engage in interstate and international trade in commerce, in the wholesale/retail markets.

76. That defendant Amazon has engaged in a pattern and practice to restrain trade and commerce by the plaintiff(s), and deliberately interfere with plaintiff's rights in commerce in and trade in violation of the Sherman/Clayton Act, and;

**WHEREFORE** the plaintiff(s) Demand a Money Judgment (treble Damages) in the amount of Five Million dollars ($5,000,000.00), together with an award of treble damages pursuant to the act, court costs, pre and post trial interest, and reasonable attorney fees, together with injunction restoring plaintiff(s) online Amazon Store account(s), Ordering and Directing defendant Amazon to cease and desist all anti-competition, trade, and deliberate interference with commerce, unfair business practices aimed at monopolizing the market against the

plaintiff(s) and all other consumers, together with any other or different relief as the Court may deem necessary and just within its jurisdiction.

**COUNT TWO**

**BREACH OF CONTRACT**

77. That plaintiff by reference includes and incorporates all facts and averments as set forth more fully above in paragraphs 1-76 as though actually set forth herein, and;

78. That defendant Amazon 'Breached' their online store vendor contract with the plaintiff(s) various plaintiff Amazon store vendor accounts, causing the plaintiff(s) to suffer substantial ascertainable losses and financial damages in excess of $200,000.00 monthly (ongoing) in sales and trade through various Amazon store accounts wrongfully terminated by Defendant Amazon, and;

79. That defendant Amazon caused the plaintiff(s) to suffer substantial financial losses in liquidating stock intended for sale through their online Amazon store account, which was arbitrarily and capriciously terminated by defendant Amazon, causing the plaintiff(s) to suffer substantial financial losses in excess of Two Million dollars, and;

**WHEREFORE** the plaintiff(s) Demand a Money Judgment in the amount of Ten Million dollars ($10,000,000.00), in actual damages, together with punitive damages in an amount to be determined by a jury at trial, court costs, pre and post trial interest, and reasonable attorney fees, together with injunction restoring plaintiff(s) online Amazon Store account, Ordering and Directing defendant Amazon to cease and desist all anti-competition, trade, unfair practices, and deliberate interference with commerce, unfair business practices against the plaintiff(s) and other consumers.

**Vincent Spata, Esq.**
**Plaintiff(s) Attorney**
**1275-74th Street**

**Brooklyn New York 11228**
**Tel. No. 718-614-2127**

**Dated: December 18th, 2018**
**State of New York**
**Kings County**

**Brooklyn New York 11228**
**Tel. No. 718-614-2127**

**Dated: December 18th, 2018**
**State of New York**
**Kings County**

**VERIFICATION**

That I Jacob Kellner am the plaintiff of the within civil action as filed against the above named defendant, and do hereby verify that I am the plaintiff and as such familiar with all the facts of the case and have read the Complaint and hereby state and verify that the facts and averments as stated and set forth therein are true and correct to the best of my knowledge and belief and as to those facts or averments based upon belief, I believe them to by True.

______________________
**Jacob Kellner**

**Dated: December 18th, 2018**

Sworn to and Subscribed
This 18th day of December, 2018

______________________
VINCENT F SPATA
Notary Public, State Of New York
No. 02SP6061317
Qualified in Kings County
Commission Expires July 16, 2019